## BOSTON & M. R. CO. v. STOCKWELL.

(Circuit Court of Appeals, Second Circuit. May 22, 1906.)

### No. 243.

**1. CARRIERS—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.**

Intestate boarded defendant's train at a small station, where there was neither station agent nor baggageman. He went into the baggage car with a hamper, according to custom, and, after receiving a check, stepped on the platform, while the train was in motion, to go to the smoking or passenger car, when a gust of wind raised his hat, and, as he relinquished his hold on the door handle of the car, he was thrown from the platform and killed. *Held*, that intestate was not guilty of contributory negligence as matter of law.

**2. SAME—NEGLIGENCE—EVIDENCE—QUESTIONS FOR JURY.**

Defendant had provided platform gates for its cars which it was the duty of the brakeman to close when the train departed from stations. It was also the brakeman's duty when a train was behind time to protect the rear end. The brakeman was engaged in this duty when the train left a small station at which there was neither station agent nor baggageman, after intestate had boarded the baggage car with his baggage, according to custom. After he obtained a check for his baggage, he started to leave the baggage car, as required, after the train had started, and while he was passing from one car to the other he was thrown from the platform and killed. *Held*, that whether the gates provided were sufficient, and whether the carrier was guilty of negligence in failing to have them closed, were for the jury.

In Error to the Circuit Court of the United States for the District of Vermont.

See 131 Fed. 152.

Writ of error to review a judgment of the United States Circuit Court for the District of Vermont, entered upon the verdict of a jury in favor of the plaintiff. The material facts are stated in the opinion.

W. B. C. Stickney, for plaintiff in error.

Clarke C. Fitts, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The assignments of error challenge the action of the trial court in submitting the case to the jury, on the ground that the evidence failed to show negligence on the part of defendant, but showed that plaintiff's testator was guilty of contributory negligence, and are further directed against certain portions of the charge of the court.

On the morning of June 29, 1903, plaintiff's husband boarded defendant's train as a passenger at Northville, a small station where the defendant regularly stopped its train to take on passengers and their baggage, and where there was neither a station agent nor baggageman. He went into the baggage car with a hamper, and, after receiving a check, stepped on the platform, in order to go to the smoking or passenger car, when a gust of wind raised his hat, and, as he relinquished his hold of the rail or door handle of the car to grasp for his hat, he was thrown from the platform and killed. There was considerable evidence tending to show contributory negligence on his part, but this was all submitted to the jury in an admirable charge, reviewing all the material facts, by which the jury were instructed that Mr. Stockwell was bound to look out for himself, as a prudent man should do under such circumstances, and that if the accident was the result of any fault or negligence on his part the plaintiff could not recover.

We are satisfied, upon an examination of the evidence, that the question of contributory negligence was one upon which reasonable men might fairly differ in opinion, and that under the settled rule this question was properly left to the jury. Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 417, 12 Sup. Ct. 679, 36 L. Ed. 485.

The serious question in the case is as to whether there was any evidence tending to show neglect by the defendant of any legal duty to plaintiff's testator. The complaint alleged that it was the duty of defendant to provide suitable gates in place to prevent passengers who were passing over the platforms of the cars while in motion from falling off from said platforms, and that defendant failed in its duty in this regard. The facts in regard to the gates are as follows:

"It was the usual duty of the brakeman to open and close the gates, hereinafter referred to, as the train arrived and departed from the stations, and the usual place of the brakeman was at or near the smoking or passenger car as the train stopped at stations; but the rules of the company required that when the train was running behind time and another train following close that the brakeman should take his position at the rear end of the train with the flag, so that in case the train was stopped for any cause he could run back and flag any approaching train, and the brakeman on this train on the day in question did so take his position on the rear end of said train No. 45 at Newbury, as required by the rule, and as was made necessary by the fact that the said express train was running close to train 45 after Newbury was passed, and the brakeman, for said reason, was at the rear end of the said train when the said stop was made at Northville station. The baggage car (which Mr. Stockwell went into upon boarding the train) and passenger and smoker were equipped with gates upon both sides of the platform, strongly built of iron, and standing about the same height as the hand rails on the outside of the cars. Upon the doors of the cars inside was a warning to passengers not to ride on the platform. These gates were not shut at the time of the accident, for the reason that the brakeman was at the rear. It did not appear that Mr Stockwell had any knowledge of, or any reason to know of, the cause of the train's delay, or of the fact that the brakeman was out of his usual place, at the rear end of the train, nor that the gates would not be shut as the train left the station, as was the usual custom. There was no notice at the station as to how passengers taking the train there could get their baggage checked. The conductor, as the train stopped at Northville, took his usual position at the passenger coach to help passengers on and off the car. There was no employé of the defendant at the smoking car or baggage car, except the baggagemaster inside the baggage car."

It was claimed that these gates were not of a sufficient height to prevent a person from falling off the platform, and that they were not put there for any such purpose, but only to prevent passengers from alighting from cars upon the wrong side at stations, and "that passengers were not expected to pass through the trains when in motion." Whether a jury would be justified in a finding of negligence predicated upon the mere fact, unaccompanied by other circumstances, that gates such as those here in question were not closed while the train was in motion is a question which is not before us, and upon which we express no opinion. But here the evidence showed that defendant failed to provide any facilities for checking baggage at Northville, and failed to establish any rule, or give notice or furnish information to passengers, as to how baggage received there should be checked, and that, while passengers were forbidden to ride in the baggage car, it was frequently a custom, acquiesced in by the defendant, for passengers taking the train at Northville to go into the baggage car, get their baggage checked, and then go back into the passenger car. By virtue of this practice the passenger was permitted to enter the baggage car in order to check his baggage, but by rule he was expressly forbidden to remain therein. We think, therefore, that the defendant must be assumed to have expected that passengers would pass from the baggage car to the passenger car while the train was in motion, and that it was its duty to provide all necessary and proper means for the protection of passengers at such time. On this occasion defendant failed to provide in the usual way for the closing of the gates, because the brakeman charged with that duty was otherwise engaged at the rear of the train, and no one was supplied to take his place. The customary practice, sanctioned by the defendant, constituted an invitation to passengers to pass over the platform leading to the baggage car when the train was in motion, and therefore the questions as to the sufficiency of said gates and as to the negligence of defendant in failing to have them closed were proper ones to be submitted to the jury. The language of the charge on this branch of the case was clear, accurate, and eminently fair. We are satisfied that there was no error in the submission of this question to the jury, and that the charge of the court fully and fairly covered the issues raised in the case, and that there was no error therein.

The assignment of error as to submission to the jury of the question of reasonable advice from the baggageman is not raised by any exception.

The judgment is affirmed.